Matter of Johnson v Eckert (2021 NY Slip Op 04882)





Matter of Johnson v Eckert


2021 NY Slip Op 04882


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


640 TP 20-01618

[*1]IN THE MATTER OF LEROY JOHNSON, PETITIONER,
v
STEWART T. ECKERT, SUPERINTENDENT, WENDE CORRECTIONAL FACILITY, RESPONDENT. 






LEROY JOHNSON, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [M. William Boller, A.J.], entered December 8, 2020) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 106.10 (7 NYCRR 270.2 [B] [7] [i]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.
Memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul that part of a determination, following a tier II disciplinary hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [direct order]) and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]). As respondent correctly concedes, the determination that petitioner violated inmate rule 106.10 is not supported by substantial evidence. We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated that rule, and we direct respondent to expunge from petitioner's institutional record all references thereto (see Matter of Washington v Annucci, 150 AD3d 1700, 1700-1701 [4th Dept 2017]). Inasmuch as petitioner has already served the penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (see id. at 1701). We have reviewed petitioner's remaining contentions and conclude that none warrants reversal or further modification of the determination.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court